## CLARK v. LIEM.

No. 4914.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 8, 1953.

---

J. T. Harris, Longview, for appellant.

E. B. Lewis, Center, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment of the district court of Shelby County in a trespass to try title suit. The suit was brought by the appellee Edwin Liem, individually and as independent executor of the estate of his deceased wife, against the appellant R. L. Clark for title and possession of "all of lot No. 6 of the C. C. Locke Addition of the City of Center, as shown by the said map and plat of the said Locke Addition to the City of Center, Texas, as shown of record in Volume 196, page 324 of the deed records of Shelby County, Texas." The appellant, defendant in the trial court, answered by plea in abatement, special exceptions, general denial and plea of not guilty. He also pleaded the three-year and five-year statutes of limitation. He did not disclaim as to any portion of the land sued for but his plea of not guilty was directed to the entire pleading of the plaintiff, appellee here. On "the verdict of the jury, the evidence and law in the case," the court rendered judgment for the appellee to all of said lot No. 6 sued for.

The appellant has brought his appeal on a transcript only, without a statement of facts.

The appellant presents eleven points of error in his brief but explains therein that points 5 to 11, inclusive, are based upon matters which would appear in a statement of facts if one should be brought forward. No statement of facts was filed in the case and no brief is made and filed upon such points 5 to 11, inclusive. They are therefore abandoned by the appellant and are not considered by us in determining the appeal.

The appellant's first point is that "the judgment of the court is not sufficient to settle the controversy between the parties, which, although tried in trespass to try title, was as to the boundary line between two lots; and the judgment does not describe any land so that an officer could go upon the ground and find the land for the purpose of executing a judgment without referring to other papers and records other than the judgment itself and without undertaking to perform a judicial act in determining the location of the boundary in controversy." His second point is that the judgment is not supported by the verdict of the jury. We overrule these two points. The only controversy between the parties of which we can take any notice is the controversy as set out in the pleadings of the parties themselves. The pleadings here reflect a controversy as to title and possession of all of lot No. 6 of the C. C. Locke Addition to the City of Center in Shelby County. Without a statement of facts a reviewing court must assume that sufficient facts were in evidence to support the findings of the jury and the court and the judgment of the court, if the judgment is in accordance with the pleadings of the parties. We are unable to find anything in the pleadings or the judgment in support of the statement in the appellant's brief that it was in truth a boundary suit.

The argument of the appellant that the judgment is erroneous because the description of the land contained in the judgment was not such that the land can be identified by objects found on the ground is not sustained by the record before us. The judgment described the land as all of lot No. 6 in a certain addition, the map and plat of which is stated as being found in Volume 196, page 324 of the Deed Records of Shel-

by County.  It is elementary, we believe, that a description of a tract of land which has been platted by a map or plat of record in the deed records of a county is a sufficient description of land.  It must be presumed by us, in the absence of a statement of facts, that the map and plat of said Locke Addition contains detailed descriptions and calls by which the land can be located on the ground.  These points present no error and must be overruled.

■ Appellant's third point is that the trial court erred in submitting the two special issues submitted to the jury, over his objection, because the tract of land inquired about in said special issues was not described in any pleading in the suit.  The appellant does not include the two special issues submitted, nor copy them in any way in his brief.  From the transcript, however, we find that the following two issues were submitted:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that the conveyance from C. C. Locke to Edwin Liem covered and included the triangular tract of land of approximately 750 square feet, in controversy in this suit?

"Answer 'yes' or 'no'.

"Special Issue No. 2

"Do you find from a preponderance of the evidence that the conveyance from C. C. Locke to R. L. Clark covered and included the triangular tract of land of approximately 750 square feet, in controversy in this suit?

"Answer 'yes' or 'no'."

The jury in its verdict answers Special Issue No. 1 "yes" and Special Issue No. 2 "no."  We are unable to say, without a statement of facts, that the evidence introduced in the case did not raise the fact issues which were submitted to the jury by the court.  We must assume that there was enough evidence to raise the controversy as to whether or not the conveyance referred to in the two Special Issues included a triangular tract of land of approximately 750 square feet.  If there had been answers by the jury the opposite of those actually made in the jury's verdict, the court would probably have entered judgment for the appellant for a triangular tract of land out of the said lot No. 6 sued for, with an appropriate description of the tract out of said lot No. 6, made in conformity with the evidence in the case.  Without a statement of facts this third point presents no error.

Appellant's fourth point is that the judgment in no manner disposes of the controversy between the parties, which although tried in the form of trespass to try title was as to the boundary line between two lots in Center and "that the judgment did not describe any land or boundary in such a manner as an officer or surveyor could go upon the land and find the land in controversy for the purpose of executing the judgment without referring to other papers and records and upon referring to such other papers and records perform such judicial act which was the duty of the trial court by determining the correct location of the said two lots or the boundary thereof."  This point is practically the same as point No. 1 and what we have said in our discussion of point 1 applies also to point No. 4.  The judgment does dispose of the controversy between the parties as to the ownership of said lot No. 6 sued for and therefore is not subject to criticism made by the appellant here.

The points presented by the appellant, without the assistance of a statement of facts, present no error and the judgment of the trial court is affirmed.