Don F. TOBIN et al., Appellants,

v.

The COMMISSIONERS' COURT OF BANDERA COUNTY, Texas, et al., Appellees.

No. 15785.

Court of Civil Appeals of Texas, San Antonio.

Nov. 2, 1977.

Rehearing Denied Nov. 30, 1977.

William H. Ervine, Jr., Kerrville, for appellants.

Glendon Roberts, Bandera, Oliver & Oliver, San Antonio, for appellees.

CADENA, Chief Justice.

Plaintiffs, Don F. Tobin and wife, Margaret P. Tobin, appeal from a summary judgment denying their prayer that the Commissioners' Court of Bandera County be enjoined from constructing two cattle guards on a road located within the boundaries of the Don F. Tobin Ranch which is owned by plaintiffs.

Defendants are the Commissioners' Court of Bandera County, the County Judge, and the four County Commissioners. Edna Coulter intervened in the suit, alleging that the road in question furnished access to her land and that it was a public road. The summary judgment order of which plaintiffs complain also dismisses cross-actions filed by defendants and intervenor.

The road in question runs from Highway 16 across several tracts of land, including that owned by plaintiffs, to the land owned and occupied by intervenor. The road is located within Commissioner's Precinct No. 1.

On August 26, 1974, the Commissioner of Precinct 1 directed that cattle guards be constructed on the road, and on that date such construction began. Plaintiffs filed this suit on the same date and obtained a temporary restraining order. A temporary injunction was granted on September 10, 1974, following a hearing on September 3, 1974. Meanwhile, on August 29, 1974, the Commissioners' Court entered an order reciting that the construction of the cattle guards had been approved at a meeting held August 12, 1974.

The motion for summary judgment was filed on August 3, 1976, and the trial court set the motion for hearing on August 30, 1976. On August 27, 1976, plaintiffs filed their first amended original petition.

The motion for summary judgment is supported by the affidavit of the County Attorney. This affidavit recites:

(1) On August 26, 1974, construction of cattle guards was begun on "a public road through the Plaintiffs' property involved in [this] proceedings, . . . ."

(2) On the same date, plaintiffs filed this suit and obtained a temporary restraining order, followed by the issuance of a temporary injunction.

(3) On May 6, 1931, the District Court of Bandera County entered judgment in Cause No. 1028, *Paul Moravietz v. Mrs. J. A. Miller et al.*, declaring the road in question to be a public road. A copy of this judgment is attached to the affidavit. This judgment was affirmed. *Miller v. Moravietz*, 59 S.W.2d 242 (Tex.Civ.App.—Beaumont 1933, no writ).

(4) Paul Moravietz, plaintiff in such suit, is plaintiff's predecessor in title.

(5) In 1948, by order of Commissioners' Court, the road in question was declared to be a "third class public road." The certified copy of this order, attached to the affidavit, declares:

[T]he section of the Moravietz Road, where it passes Don Tobin's place from about 50 yards west of Tobin's house, past his house to the intersection of the new road, be discontinued as a public road, and the new route as laid out by Mr. Tobin be declared as the public road, and the entire length of road with above change, from Atkins' gate on Highway 16 to Paul Moravietz's yard gate be and is hereby declared a third class public road, . . . .

(6) On March 12, 1973, the Commissioners' Court entered an order in which the road in question was "found to be a Third Class Road, 30 feet in width." A certified copy of this order is attached to the affidavit.

Plaintiffs filed no controverting affidavits, nor did they produce any summary judgment "evidence" in response to defendants' motion and affidavit.

The judgment in the case of *Miller v. Moravietz*, referred to above, was based on a jury finding to the effect that the road had been used by the public generally for purposes of travel for a period of more than 10 years.

The road in question became a public road by adverse use by the public. Under these circumstances, it cannot be said that plaintiffs, or their predecessors in title, were entitled to compensation.

The Commissioners' Court order of March 12, 1973, recites that the Court had examined the road in question and had found it to be a third class road having a width of 30 feet.

■ It is well settled that commissioners' courts, when acting within the sphere of the powers conferred upon them, are acting as courts and their judgment are entitled to the same consideration as judgments of other constitutional courts. 15 Tex.Jur.2d *Counties* § 44 at 272–73 (1960). The find-

ings concerning the width of the road are, therefore, findings of fact which should be given effect at least where there is no evidence tending to show that such findings are incorrect. Here, plaintiffs were content to present no evidence whatever disputing such findings and, therefore, such findings must be regarded as being true. That is, the findings are at least evidence of the existence of the facts found, and such evidence, if uncontradicted, establishes the existence of such facts.

Plaintiffs next point out that the road has "changed course" since 1933 and argue that, because of that fact, the road has never been specifically defined.

■ The only evidence of a change in the "course" of the road is found in the December 1948 order of Commissioners' Court. As already noted, that order recites that the change in the route of the road was made by Don Tobin. A change of location of a road made by a landowner for his own convenience after the right of the public in the road has been established by user does not defeat the public right. *Fowler v. Matthews*, 204 S.W.2d 80, 86 (Tex.Civ.App.—Austin 1947, no writ).

■ In the absence of controverting affidavits, the affidavit filed by defendants in support of their motion for summary judgment clearly establishes the public nature of the road, its width and the right of the County, under the provisions of Art. 6704, Tex.Rev.Civ.Stat.Ann. (1960), to construct cattle guards.

The judgment of the trial court is affirmed.