

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00058-CV
_____


STANLEY GRAFF, Appellant

V.

VERNON BERRY, ET AL., Appellees

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. CV01133

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter
Concurring Opinion by Justice Moseley

MEMORANDUM OPINION

When Red River County began making improvements to a road crossing Stanley Graff's property, Graff brought suit against Vernon Berry; M. D. Whittle, individually and in his official capacity as county commissioner; Rufus Ward, Jr., in his official capacity as county commissioner; Elmer Caton, in his official capacity as county commissioner; and Josef Hausler, in his official capacity as county commissioner.[1] Graff claimed the commissioners court erred in declaring the road was a first-class road with a right-of-way of sixty feet. Graff sought an injunction prohibiting the commissioners from making improvements to the road in question. In the alternative, Graff sought damages for inverse condemnation. The commissioners claimed the road in question was a public road because it was the same road that was found to be a public road in *Graff v. Whittle*, 947 S.W.2d 629, 641 (Tex. App.—Texarkana 1997, writ denied) (*Graff I*). In addition, the commissioners claimed the public road included a sixty-foot right-of-way. The trial court denied Graff's motion for a temporary injunction, and this Court affirmed the trial court's denial. *See Graff v. Berry*, No. 06-06-00065-CV, 2006 Tex. App. LEXIS 8541 (Tex. App.—Texarkana Sept. 11, 2006, no pet.) (mem. op.) (*Graff II*). After we issued our opinion in *Graff II*, the trial court granted the

---

[1]Unless otherwise specified, we will refer to the appellees collectively as the commissioners. Ward, Caton, Hausler, and Whittle, in their official capacities, filed a brief which merely concurred with the brief filed by Whittle and Berry in their personal capacities. We note Red River County has not been joined as a party. The parties have not briefed whether Red River County is a necessary party to this appeal.

commissioners' motions for summary judgment, rendered a take-nothing judgment in favor of the commissioners, and awarded the commissioners attorney's fees.

Graff argues the trial court erred by granting summary judgment and erred in awarding attorney's fees to the commissioners. We hold: 1) the trial court erred in taking judicial notice of the court records which had not been attached to the summary judgment motion and had been destroyed; 2) Graff has failed to show our conclusion in *Graff II* that the trial court's judgment in *Graff I* contained an adequate description was clearly erroneous; and 3) there are genuine issues of material fact.[2] Because there are genuine issues of material fact, the trial court erred in granting summary judgment in favor of the commissioners.

**Factual Background**

In December 1995, a jury found a road crossing Graff's property to be a public road and found that Whittle and Berry had acquired easements by prescription and necessity. This Court, while noting a private easement is inconsistent with a finding the road was public,[3] affirmed the

---

[2]We note Graff complains he is being improperly taxed for the public road. Graff has not adequately briefed this issue, and the improper taxation argument is overruled as both multifarious and inadequately briefed. Texas law grants us discretion to summarily overrule any multifarious or inadequately briefed points of error. *See, e.g.*, *Foster v. State*, 101 S.W.3d 490, 499 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *H.B. Zachry Co. v. Ceco Steel Prods. Corp.*, 404 S.W.2d 113, 133 (Tex. Civ. App.—Eastland 1966, writ ref'd n.r.e.); *see also* TEX. R. APP. P. 38.1. Although Graff's first point of error is multifarious, we address his remaining arguments in the interest of justice.

[3]This Court stated, "[I]t would be inconsistent for the court to find that the strip in question was both a public road and an easement." *Graff v. Whittle*, 947 S.W.2d at 641. We note an easement can be either public or private. This statement, though, is contained in a paragraph addressing the

3

portion of the trial court's judgment finding that the road was a public road by implied dedication. *See Graff v. Whittle*, 947 S.W.2d at 641.

Despite the resolution of the lawsuit, there continued to be disputes between Graff and his neighbors over the road. In 1998, Red River County hired a surveyor, Royce Hammett, to provide a metes and bounds description of the road. Hammett was the same surveyor who had prepared the 1981 plat relied on in *Graff I*. Hammett's plat was accepted by the county in 1998.[4] In April 2006, the parties allege the commissioners[5] ordered the road to be classified as a first-class county road, denoted 2118 and 2119, with a sixty-foot right-of-way.[6] As noted above, the parties have not

trial court's alternative findings that "if the property was not a public road, it would be an easement (specified the three different types of easements sought by Whittle and Berry as alternatives)." *Id*. The three different easements (prescription, necessity, absolute necessity) found in the alternative by the trial court's judgment were private easements. We believe that this Court's statement is most correctly interpreted as holding that a finding of a public road is inconsistent with a finding of a private easement. Further, the context of this Court's statement clearly indicates it was deciding between the alternative methods of establishing an interest in a road rather than deciding whether the county owned the road in fee simple. Neither the trial court's judgment nor this Court's opinion on appeal decides whether the county owns the road in fee simple or merely has an easement. A county can own a public road in fee simple or have an easement. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 31 (Tex. 2003). The nature of the county's interest in the road has not been briefed to this Court.

[4]The record contains a copy of the commissioners court minutes approving the 1998 plat.

[5]Whittle, who had been a party to *Graff I*, had been elected a county commissioner.

[6]We note the record does not contain any orders or other evidence of the commissioners court proceedings in 2006 creating a first-class road with a sixty-foot right-of-way. We note a county may prove certain omissions in the record by extrinsic evidence. *See Hill v. Taylor County*, 294 S.W. 868, 870 (Tex. Civ. App.—Eastland 1927, no writ). Even if these omissions could be proven with extrinsic evidence, the parties have not directed us to where in the record such evidence is located.

4

directed this Court to where the record contains evidence establishing that the commissioners classified the road in dispute as a first-class road. During the construction, the county employees cut down approximately twenty to thirty trees on Graff's property. Graff sought a temporary injunction, which was denied by the trial court. Graff brought an interlocutory appeal to this Court; we affirmed the trial court's order. *See Graff v. Berry*, 2006 Tex. App. LEXIS 8541. This Court held that Graff had failed to show he had an inadequate remedy at law. *Id*. This Court noted that the description of the road was adequate and the county had the authority to improve the road. *Id*. As such, the county was not a naked trespasser and "[i]f the county expands the road beyond the width dedicated as a public road, monetary damages will be sufficient." *Id*. at *16.

In his amended petition, Graff sought a declaratory judgment declaring, among other things, that *Graff I* was "vague and unenforceable," that the road the commissioners had constructed was "not, in whole or in part, within the metes and bounds of the public road," that the tax rolls be "adjusted to reflect the change in ownership of the road in question," and that Red River County is obligated to replace the gates it removed. In addition, Graff brought a trespass to try title and an inverse condemnation claim.

---

The excerpts from the testimony from *Graff II* introduced by Graff as summary judgment evidence establish that the new construction will include a road with a sixty-foot right-of-way. The parties have not directed us to where the record establishes that the commissioners court classified this road as a first-class road, and we have not discovered, in our own review of the record, any additional evidence of the commissioners court proceedings.

5

In their traditional motions for summary judgment, the commissioners claimed they were entitled to judgment as a matter of law. The commissioners argued the road was the same road that was declared a public road in *Graff I*. The commissioners argued *Graff II* became "the rule of the case and is res judicata on any question regarding the sufficiency of the description." In support of their motions, the commissioners presented summary judgment affidavits from Hammett, Whittle, and James R. Rogers. The commissioners also requested the trial court take judicial notice of the entire file of "Cause No. 134-CV-5-93 including all pleadings, the judgment, all testimony and exhibits."

In his response, Graff again claimed the judgment in *Graff I* was unenforceable due to an inadequate description. Graff argued the 1901 commissioners court minutes merely established a third-class road. Graff objected to the commissioners' summary judgment evidence as hearsay and legal conclusions. Graff also objected to the court taking judicial notice of cause number 134-CV-5-93 and argued the trial court could not take judicial notice as a procedural alternative for summary judgment evidence and could not take judicial notice of the file because the file has been destroyed. Graff introduced affidavits from the Red River County District Clerk and the clerk of this Court that the file had been destroyed. Graff filed a summary judgment affidavit from Ruben Gregg Saxon, a licensed surveyor. Graff also filed excerpts from Hammett's deposition and excerpts from the hearing on the temporary injunction as summary judgment evidence.

At the hearing on the summary judgment motions, the trial court took judicial notice of the "entire file that's on file in this court in cause number 134-CV-5[-]93." The trial court overruled Graff's objections and granted the commissioners' motions for summary judgment. The trial court awarded the commissioners attorney's fees in the amount of $30,860.00, plus an additional $15,000.00 if appealed to this Court and an additional $10,000.00 if appealed to the Texas Supreme Court.

## I. The Trial Court Erred In Taking Judicial Notice of Court Records Which Were Not Attached to the Summary Judgment Motion and Had Been Destroyed

The trial court took judicial notice of the "entire file that's on file in this court in cause number 134-CV-5[-]93." Graff claims the trial court erred because the documents being judicially noticed were not attached to the summary judgment motion, and the file being judicially noticed no longer exists.

Under the Texas Rules of Evidence, judicial notice may be taken at any stage of the proceeding. TEX. R. EVID. 201(f). A "judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* TEX. R. EVID. 201(b). Under the common law, a trial court could take judicial notice of records of its own court in a case concerning the same subject matter and between the same or practically the same parties. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961); *Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d 386, 401 (Tex. App.—Texarkana 1999, pet. denied). A fact of which judicial notice can be taken is "a matter of

7

evidence and knowledge on the part of courts which requires no formal proof." *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 523 (1961) (quoting *Burtis v. Butler Bros*., 148 Tex. 543, 226 S.W.2d 825, 830 (1950)).

The Texas Supreme Court has held that compliance with Rule 166a requires that certified copies of the documents referred to, including court records, be attached to the summary judgment motion. *Gardner*, 345 S.W.2d at 276–77. The relevant portion of the current Texas Rules of Civil Procedure is essentially identical to the applicable rule interpreted in *Gardner*. *Compare* TEX. R. CIV. P. 166a *with* TEX. R. CIV. P. 166-A, 241–242 S.W.2d (Tex. Cases) pp. xxxvi-xxxvii (1952, superseded 1967). The Fort Worth Court of Appeals has recently relied on *Gardner* in concluding certified copies of court records must be attached to the summary judgment motion in order for the court records to be admissible as evidence in support of a motion for summary judgment. *Souder v. Cannon*, 235 S.W.3d 841, 848 (Tex. App.—Fort Worth 2007, no pet.).

The commissioners cite *Sierad v. Barnett*, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.), in support of their proposition that the documents do not have to be attached. The Dallas Court of Appeals concluded the documents being noticed were not required to be attached.

Although the court references *Gardner*, the court does not attempt to distinguish *Gardner*. *Gardner* and its progeny hold that attachment is only necessary if the notice is being taken during summary judgment proceedings.[7] Absent summary judgment proceedings, there is no requirement

---

[7]In a habeas corpus appeal, the First District Court of Appeals has suggested an appellant must make sure the document being noticed is included in the record if the appellant wishes to

that the documents be attached. *Sierad* is distinguishable from the current case because it was not a summary judgment. The judgment being appealed from in *Sierad* was from a bench trial rather than a summary judgment proceeding. *Id.* Because the appeal was from a bench trial, the Dallas Court of Appeals applied the general rule, which does not require the documents being noticed to be attached.

The commissioners also rely on *Jett v. Sides*, 367 S.W.2d 921, 924 (Tex. Civ. App.—Waco 1963, no writ). *Jett* involved a collateral attack on an annulment of a marriage. *Id.* Although the trial court granted a summary judgment, the appellate court treated the motion as a bill of review governed by former Rule 329-b rather than former Rule 166-A. *Id.* The Waco Court of Appeals noted *Gardner* and specifically distinguished the attachment requirement announced in *Gardner* as being restricted to summary judgment motions. *Id.* We do not find *Jett* to be persuasive authority. The court documents were required to be attached to the summary judgment motion.

Second, judicial notice cannot be taken of documents which are no longer in existence. Graff supplied an affidavit from the Red River County District Clerk, who affirmed that all records, transcripts, and exhibits in cause number 134-CV-5-93 had been destroyed and that he was not aware of anywhere copies could be obtained. Graff also filed an affidavit from the clerk of this Court which affirms that this Court no longer has any records from the appeal in that cause number.

---

challenge the trial court's actions on appeal. *Kaman v. State*, 923 S.W.2d 129, 131 (Tex. App.—Houston [1st Dist.] 1996, no pet.).

9

Judicial notice must be made of facts beyond reasonable dispute which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* TEX. R. EVID. 201(b). If a source no longer exists, the facts being noticed cannot be determined by resort to that source.[8] The trial court erred in taking judicial notice of the files in cause number 134-CV-5-93.

## II.     Our Conclusion That There Was An Adequate Description Is Not Clearly Erroneous

Disagreeing with our opinion in *Graff II*, Graff again argues that the judgment in *Graff I* is unenforceable.[9] The judgment in *Graff I* merely described the road as "[t]he road in question running across Stanley Graff's property, which Plaintiffs have used to obtain ingress and egress to their respective properties . . . ." The judgment contains no other description of the road. In *Graff II*, this Court held:

---

[8]We note the trial court's judgment was attached to the summary judgment motion. The trial court did not err in taking judicial notice of the judgment in cause number 134-CV-5-93.

[9]Graff argues res judicata does not prevent this Court from reconsidering *Graff II* because it is not a final judgment. In their motions for summary judgment, the commissioners argued to the trial court that res judicata bars reconsideration of the sufficiency of the description in *Graff I*. The commissioners argued *Graff II* became "the rule of the case and is res judicata on any question regarding sufficiency of the description." While the commissioners did not rely on the doctrine of res judicata in their briefs, the commissioners argued at oral argument that res judicata bars reconsideration of *Graff II* on appeal. Although the doctrines of res judicata and law of the case are closely related, they are not identical. While the doctrine of law of the case may bar a party from challenging matters fully litigated and determined in the appeal of a temporary injunction, res judicata requires the judgment to be final. *Compare State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001), *with Texaco, Inc. v. Parker*, 373 S.W.2d 870, 872 (Tex. Civ. App.—El Paso 1963, writ ref'd n.r.e.). Although the doctrine of law of the case applies to issues decided in *Graff II*, res judicata does not apply.

10

> For a legal description to be sufficient, the document must contain, or incorporate by reference, some other existing writing--a description of the land sufficient to identify the land with reasonable certainty. *See Morrow v. Shotwell*, 477 S.W.2d 538, 539, 15 Tex. Sup. Ct. J. 196 (Tex. 1972). The language of the judgment implicitly references the pleadings by describing the road as the "road in question." Further, a description may be rendered definite and certain by reference to the pleadings and other parts of the record. 46 AM. JUR. 2D Judgments § 105 (1994); 47 TEX. JUR. 3D Judgments § 93 (1998). This Court's opinion in 1997 recited that a registered professional surveyor, Royce Hammett, testified that in 1981 he had surveyed the property and marked the course of the road over the property. *Graff*, 947 S.W.2d at 637. It was clear that the 1981 survey was introduced into evidence at the jury trial establishing that the road was a public road. In 1998, Hammett diagramed the road in question with a metes and bounds description, a copy of which was introduced into evidence. When considered in connection with the pleadings and the record, the Whittle Judgment is sufficient to describe the road with reasonable certainty.

*Graff v. Berry*, 2006 Tex. App. LEXIS 8541, at *9–11.

"Under the law of the case doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case." *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). The law of the case doctrine provides as follows:

> The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation.

*Id.* (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (citations omitted)). However, the Texas Supreme Court "has long recognized as an exception to the law of the case doctrine that if the appellate court's original decision is clearly erroneous, the court is not required to adhere to its original rulings." *Id.*

11

The Texas Supreme Court has held that a judgment without a sufficient description of the property is void. *Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848, 849 (1946); *see Arnold v. Crockett Indep. Sch. Dist.*, 404 S.W.2d 27, 28 (Tex. 1966) ("The general rule is that a judgment for foreclosure of a tax lien upon real estate which, though aided by the judgment roll, fails to describe a definite tract of land is void."); *see also Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972); *Wooten v. State*, 142 Tex. 238, 177 S.W.2d 56, 57–59 (1944); *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, no pet.). In *Greer*, the Texas Supreme Court held:

> [I]n all instruments for the conveyance of lands the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty; otherwise, the instrument is void . . . .

*Greer*, 191 S.W.2d at 849. The Texas Supreme Court has recently reaffirmed that a judgment without an adequate description is void. *AIC Mgmt. v. Crews*, No. 05-0270, 2008 Tex. LEXIS 64 (Tex. Jan. 25, 2008).[10]

The issue in this case concerns whether the judgment is void or unenforceable due to an insufficient description. In general, descriptions of real property in judgments must be "so definite and certain . . . that the land can be identified with reasonable certainty"; however, the judgment may refer to "some other writing" which can provide the required certainty. *Greer*, 191 S.W.2d at 849;

---

[10]We note the Waco Court of Appeals has questioned the holding in *Greer*. *See Steele v. McDonald*, No. 10-05-00266-CV, 2007 Tex. App. LEXIS 6120, at *14–15 (Tex. App.—Waco Aug. 1, 2007, pet. denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005)). In *AIC Management*, the Texas Supreme Court did not attempt to reconcile its holding with the definition of void contained in *Browning*. *See AIC Mgmt.*, 2008 Tex. LEXIS 64.

*see Coastal Indus. Water Auth. v. Celanese Corp. of Am.*, 592 S.W.2d 597, 600 (Tex. 1979); *see also Long Trusts v. Griffin*, 222 S.W.3d 412, 416 (Tex. 2006) (contract). Ideally, the judgment should contain a metes and bounds description of the road. *See Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 257 (Tex. 1984) (instructing trial court to include metes and bounds description on remand). However, the law does not require the judgment to contain a metes and bounds description. *See Tex. Builders v. Keller*, 928 S.W.2d 479, 481 (Tex. 1996).

Texas law merely requires the description to be sufficient to identify the property with reasonable certainty. The description does not have to be mathematically certain. *Templeton v. Dreiss*, 961 S.W.2d 645, 659 (Tex. App.—San Antonio 1998, pet. denied). The description employed will be sufficient if "a surveyor could go upon the land and mark out the land designated." *Wooten*, 177 S.W.2d at 57; *see Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945); *Dixon*, 150 S.W.3d at 195; *Gilbreath v. Yarbrough*, 472 S.W.2d 185, 189 (Tex. Civ. App.—Tyler 1971, writ ref'd n.r.e.). In addition, the description is sufficient if someone familiar with the area can locate the property with reasonable certainty. "If enough appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, it is sufficient to satisfy the Statute of Frauds." *Vinson v. Brown*, 80 S.W.3d 221, 227 (Tex. App.—Austin 2002, no pet.); *see Gates v. Asher*, 154 Tex. 538, 280 S.W.2d 247, 248–49 (1955); *Cherokee Water Co. v. Freeman*, 145 S.W.3d 809, 819 (Tex. App.—Texarkana 2004, pet. denied).

13

As we noted in our prior opinion, there is an exception when the judgment may be rendered definite and certain by reference to the pleadings and other parts of the record. 46 AM. JUR. 2D *Judgments* § 84 (LEXIS through 2007); 47 TEX. JUR. 3D *Judgments* § 94 (2007). Graff argues our reliance on the statements in American Jurisprudence and Texas Jurisprudence was misplaced. Texas Jurisprudence provides:

> For the purpose of identification, the record may be considered, and, when the description in the judgment aided by the pleadings, findings of fact, and conclusions of law, or other record identifies the land, the judgment is sufficient, unless the case is one in which a statute precludes reference to the petition or record to aid the description.

47 TEX. JUR. 3D *Judgments* § 94 (footnotes omitted). Graff also attempts to distinguish the cases relied on by Texas Jurisprudence and American Jurisprudence. *See* 46 AM. JUR. 2D *Judgments* § 84; 47 TEX. JUR. 3D *Judgments* § 93 (2007); *see also In re Marriage of Los*, 482 N.E.2d 1022, 1027–28 (Ill. App. 1985); *Clark v. Liem*, 262 S.W.2d 764 (Tex. Civ. App.—Beaumont 1953, no writ); *Pick v. Carroll*, 256 S.W.2d 211 (Tex. Civ. App.—Waco 1953, writ ref'd n.r.e.). We are not convinced these distinctions render our prior opinion clearly erroneous.

The Texas Supreme Court has recently held that a description which references tax tract maps may be sufficient. *AIC Mgmt.*, 2008 Tex. LEXIS 64. The tax judgment in *AIC Management* described the property as "TR 12 AB 659 T.S. Roberts situated in Harris County." *Id.* The Texas Supreme Court held the tax tract map was not prohibited extrinsic evidence. *Id.* While the judgment in this case does not directly reference the 1981 plat, it does refer to the road as "the road in

question" and references the plat through the pleadings. The phrase "the road in question" is a reference to the pleadings which explicitly reference the 1981 plat.[11] Further, this Court's opinion in *Graff I*—the direct appeal of the challenged judgment—references the 1981 plat as describing the road.

Graff now argues that the description in the judgment requires this Court to declare that the judgment is void. This judgment, unlike a deed or conveyance, was based on a jury's determination of the existence of the road. In support of this finding, the jury relied on a 1981 surveyor's plat which marked the course of the road. This judgment was appealed, and the 1981 surveyor's plat was discussed in this Court's *Graff I* opinion. Graff has provided us with no authority which holds that such a judgment concerning the location of a public road is void due to a faulty property description.[12] In *Greer*, the judgment conveyed seventy acres of land in Wood County. 191 S.W.2d at 849. Unlike a conveyance of land, a road is a visible landmark. As such, a road can be identified more easily than other conveyances of property. While the best practice would be to have a metes

---

[11]Copies of the pleadings in *Graff I* were admitted as evidence in *Graff II*.

[12]When asked at oral argument for a case holding a judgment finding a public road to be void for an insufficient description, Graff directed this Court to *Las Vegas Pecan & Cattle*, 682 S.W.2d at 257. While the Texas Supreme Court instructed the trial court to include metes and bounds description on remand, the court did not find the judgment to be void due to an insufficient description. *Id*. *Las Vegas* involved a direct appeal of an implied dedication. *Id*. As such, *Las Vegas* is clearly distinguishable from the argument in this case. Our own research has not found any case where a jury verdict, finding a public road by an implied dedication, has been held to be void due to an insufficient description. *See Tabor v. Hogan*, 955 S.W.2d 894, 897 (Tex. App.—Amarillo 1997, no pet.) (no description in judgment); *Uvalde County v. Barrier*, 710 S.W.2d 740, 747 (Tex. App.—San Antonio 1986, no writ).

15

and bounds description of the public road in the judgment, a less exact description may still be sufficient. Due to the nature of a public road, we feel cases addressing descriptions of easements are analogous. In general, an easement must be described with the same certainty as other conveyances. *See Compton v. Tex. Se. Gas Co.*, 315 S.W.2d 345, 348 (Tex. Civ. App.—Houston 1958, writ ref'd n.r.e.). However, there are exceptions to the general rule for an easement. For example, the fact that the judgment fails to specify the width of a road does not render the judgment inadequate.[13]

Further, in this case, the 1981 plat indicates there is only one road crossing the tracts of the land in dispute. In *Templeton*, the San Antonio Court of Appeals held that a description was sufficient when it was clear "there was only one road passing through the property." *Templeton*, 961 S.W.2d at 659; *see AIC Mgmt.*, 2008 Tex. LEXIS 64, at *23 ("We have held that deeds in which the property is described as simply 'my property' are sufficient when extrinsic evidence shows that the party owns only one tract of land answering the description.").

Last, the facts of this case are extremely similar to the facts in *Perkins v. McGehee*, 133 S.W.3d 287, 291 (Tex. App.—Fort Worth 2004, no pet.). In *Perkins*, the judgment failed to contain any description of the boundary of the properties and the findings of fact described the boundary

---

[13]Provided the description is sufficient to provide the "framework or skeleton," a court may resort to extrinsic evidence to determine the width of an easement. *W. Beach Marina, Ltd. v. Erdeljac*, 94 S.W.3d 248, 265 (Tex. App.—Austin 2002, no pet.); *see Wilson*, 188 S.W.2d at 152; *cf. Brown v. Texarkana*, 269 S.W.2d 804, 809 (Tex. Civ. App.—Texarkana 1954, writ ref'd n.r.e.). While we note this rule was announced in the context of an easement, we believe this rule applies with equal force to public roads regardless of whether the public road is an easement or owned in fee simple.

merely as "the fence line established by the evidence in this case." *Id*. The court held "the legal description of the parties' adjoining properties, the maps and aerial photo of the existing fence, and the court's ruling, provide sufficient evidence to identify the disputed property with reasonable certainty so that it may be located upon the ground." *Id.* Similar to *Perkins*, the maps, plats, and the pleadings provide sufficient evidence to identify the disputed property with reasonable certainty so that it may be located on the ground. Graff's own expert was able to identify the location of the road as evidenced by his affidavit that the commissioners had changed the location of the road.

While Graff is correct that secondary authority is not binding on this Court, our task is not to reconsider our prior decision, but rather to determine whether our prior decision is clearly erroneous. We are not now considering a motion for rehearing in *Graff II*. Graff has failed to provide this Court with binding precedent holding that, in an instance such as this involving a trial court's finding the existence of road by implied dedication, reference to the pleadings and other parts of the record is inappropriate. Further, this Court's opinion in *Graff I* references the 1981 plat which indicates there was only one road crossing Graff's property at the time *Graff I* was decided. As discussed above, the road in dispute can be located with reasonable certainty. Graff has not convinced us that our prior opinion was clearly erroneous.

III.     **The Trial Court Erred In Granting Summary Judgment Because There Are Genuine Issues of Material Fact**

The commissioners filed a traditional motion for summary judgment. To prevail on a traditional motion for summary judgment, a movant must establish that there is no genuine issue as

17

to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). Summary judgment for a defendant is proper when the defendant conclusively negates at least one element of each of the plaintiff's theories of recovery or pleads or conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *see Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993).

### A. The Commissioners Failed to Prove the Road Established in 1901 Is the Same Road

The commissioners argue the road in question was created in 1901 as a first-class road. If the road was created as a first-class road, the county is prohibited from decreasing its classification. *See* TEX. TRANSP. CODE ANN. § 251.007(b) (Vernon 1999). Thus, the road would still be a first-class road unless the road had been abandoned.[14] Further, the failure to maintain the road does not change the status of the road. *County of Hays v. Alexander*, 640 S.W.2d 73, 78–79 (Tex. App.—Austin 1982, no writ); *see Rutledge*, 9 S.W.3d at 472.

---

[14]A county cannot abandon a road merely by failing to maintain the road. *See Rutledge v. Staner*, 9 S.W.3d 469, 472 (Tex. App.—Tyler 1999, pet. denied). "Common-law abandonment 'occurs when the use for which property is dedicated becomes impossible, or so highly improbable as to be practically impossible, or where the object of the use for which the property is dedicated wholly fails.'" *Id*. at 471. A county can also order a public road to be abandoned under the procedures delineated by the Texas Transportation Code. TEX. TRANSP. CODE ANN. § 251.058 (Vernon 1999). A road can also be abandoned if a landowner encloses the road with a fence continuously for twenty years. TEX. TRANSP. CODE ANN. § 251.057(a) (Vernon 1999). Neither party has argued, and the record does not establish, that the 1901 road had been abandoned.

18

The commissioners argue the road was a first-class road with a width of sixty feet based on the minutes from a commissioners court meeting held on February 11, 1901. The minutes from that meeting provide, "It is ordered by the Court that the petition be granted and that a public road, of the first class Sixty-feet wide be laid out in accordance therewith." On May 13, 1901, the commissioners court ordered, following a jury view of the road, that a third-class road be created with an identical description as the road ordered to be "laid out" in the February 11 meeting.

Once a commissioners court has ordered the establishment of a new county road, the new road must be laid out by a jury of view. TEX. TRANSP. CODE ANN. § 251.054 (Vernon 1999); *cf.* TEX. REV. CIV. STAT. art. 4688, 4689, 4691 (amended 1911), *available at* http://www.sll.state.tx.us/codes/1895/1895civ20.pdf. A jury of view lays out the course of the new road and recommends to the commissioners court the appropriate amount of damages to the affected landowners. TEX. TRANSP. CODE ANN. § 251.054; 43 TEX. JUR. 3D *Highways, Etc.* §§ 29, 41 (2002); *see Dulaney v. Nolan County*, 85 Tex. 225, 20 S.W. 70, 71 (Tex. 1892). A commissioners court order to open the road must be based on the report of the jury of view. *Hill*, 294 S.W. at 871; *see* 43 TEX. JUR. 3D *Highways, Etc.* § 34 (2002). As such, the road described in the 1901 commissioners court minutes was not effective until after the report of the jury of view. Since the jury of view laid out a third-class road and its report was accepted by the commissioners court, the 1901 commissioners court minutes do not establish the road was a first-class road.[15]

_____

[15]Graff cites *Scaling v. Denny*, 58 Tex. Civ. App. 279, 125 S.W. 351, 353 (Tex. App.—Fort Worth 1909, no writ), for the proposition that, when the width of a road is not described in a

19

The fact that a road located somewhere in Red River County was created in 1901 would not affect our opinion. As we noted in our prior opinion, the evidence is insufficient to show the road established in 1901 is the same road as the road at issue. In *Graff II*, we held "it is impossible to determine from the record before us whether the road established in the commissioners' minutes is the same road referenced in the Whittle Judgment." *Graff v. Berry*, 2006 Tex. App. LEXIS 8541, at *13. In this appeal, the state of the record is even worse. The only evidence offered by the commissioners to show the road established in 1901 is the same road as the road at issue was Whittle's affidavit and Hammett's affidavit. Whittle's affidavit provides, "The road that was being described in the Commissioner Court Minutes from 1901 describes a portion of the road that is the subject of this litigation." Hammett's affidavit provides, "I located the actual old road bed. It was apparent that this was an ancient road that had been in use for many years." As noted by Graff, the commissioners did not introduce a plat, survey, or other evidence of the 1901 road's location. Whittle's conclusory statement and Hammett's testimony that the road was "ancient" are clearly insufficient to establish as a matter of law that the road created by the 1901 commissioners court is

---

judgment, the width of the road is the minimum width provided for that class of road in the statute. In 1901, the minimum width of a third-class road was twenty feet. TEX. REV. CIV. STAT. art. 4685 (amended 1911), *available at* http://www.sll.state.tx.us/codes/1895/1895civ20.pdf. Graff has failed to direct us to where this argument was presented to the trial court. Thus, this argument is not preserved for our review. *See* TEX. R. APP. P. 33.1(a). Further, as discussed below, there is no evidence the 1901 road is the same road as the road in dispute.

the same road at issue in this case. As such, the commissioners court minutes from 1901 are completely irrelevant to this appeal.[16]

## B.     There Are Fact Issues Concerning the Width of the Road

In our prior opinion, we denied Graff's request for a temporary injunction, at least in part, because Graff had the burden of proof. We held "[s]ince Graff bore the burden of proof at trial, it was Graff's burden to introduce evidence of the appropriate width of the road and show probable right to relief on a cognizable cause of action. Graff failed to meet this burden." *Graff v. Berry*, 2006 Tex. App. LEXIS 8541, at \*14–15. In this appeal, though, the commissioners had the burden to prove the width as a matter of law. Essentially, no new evidence was presented to the trial court. Not surprisingly, there are fact issues concerning the width of the road.

Graff argues the width of the road should be determined by the actual width of the road at the time the jury found it to be a public road.[17] Although Graff failed to provide this Court with any

---

[16]We also note that res judicata may bar the commissioners from claiming the road in dispute was created in 1901. In *Graff I*, the jury found the road to be a public road by implied dedication. *See Graff v. Whittle*, 947 S.W.2d at 641. The commissioners' argument that the road was created by the commissioners court in 1901 is inconsistent with a finding that the road was created by implied dedication. The commissioners' argument could have been and should have been litigated in *Graff I*. As such, res judicata may preclude the commissioners from arguing in this lawsuit that the road was created by the 1901 commissioners court minutes. Graff, though, does not argue that res judicata bars the commissioners' claims. We are prohibited from addressing unassigned error, i.e. a ground not presented in the appellate briefs. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 645 (Tex. App.—Fort Worth 2003, no pet.).

[17]Graff argues the width should be determined based on the scale of the 1981 plat. However, Hammett testified by deposition that the road on the 1981 plat was not drawn to scale and he did not measure the width of the road when drafting the 1981 plat. Hammett agreed the road was "one-car-

authority in support of this argument, our independent research discovered one Texas case which appeared to follow this approach. *See Gulf, C. & S.F. Ry. Co. v. Bluitt*, 204 S.W. 441, 442 (Tex. Civ. App.—Galveston 1918, writ ref'd); *see also* 46 AM. JUR. 2D *Highways, Streets, and Bridges* § 63 (LEXIS through 2007) (noting some courts confine the width to the "beaten path" of the road). However, we reject the approach of the former Galveston Court of Appeals. More recent Texas cases have held "where a width of land is dedicated to roadway easement, the amount dedicated is not reduced by actual use of a lesser width." *Steinberger v. Archer County*, 621 S.W.2d 838, 842 (Tex. App.—Fort Worth 1981, no writ) (citing *Pois v. Sharman*, 296 S.W. 665 (Tex. Civ. App.—Texarkana 1927, writ ref'd)); *Brunner Fire Co. v. Payne*, 54 Tex. Civ. App. 501, 118 S.W. 602 (1909, no writ)); *see also State v. Ware*, 86 S.W.3d 817, 826 (Tex. App.—Austin 2002, no pet.); *Nonken v. Bexar County*, 221 S.W.2d 370, 374 (Tex. App.—Eastland 1949, writ ref'd n.r.e.) (roadway acquired by public by prescription not lost by public's failure to travel full width of road). Although most of these cases deal with express dedications, the concept should apply to implied dedications as well.

The favored approach under Texas law is to confine the width to the amount reasonably necessary for public travel. *See Allen v. Keeling*, 613 S.W.2d 253, 254–55 (Tex. 1981); 46 AM. JUR. 2D *Highways, Streets, and Bridges* § 63 (noting some courts confine the width to that which is reasonably necessary). The Texas Supreme Court has held "[w]hen a road is established by

wide" in 1981.

22

prescription, the right is not limited to the beaten path used, but includes sufficient land, where reasonably available, for drainage ditches, repairs, and the convenience of the traveling public." *Allen*, 613 S.W.2d at 254–55; *Robinson Water Co. v. Seay*, 545 S.W.2d 253, 260 (Tex. Civ. App.—Waco 1976, no writ); *Nonken*, 221 S.W.2d at 374. Although these cases concern roads established by prescription, we believe the concept should apply to roads established by implied dedication through long and continuous use by the public such as the road at issue in this case. The width of the road at issue should be determined by the amount which is reasonably necessary for public use of the road at the time the road was determined to be a public road.

The next question is who determines what is reasonably necessary. The commissioners argue that we should defer to the judgment of the commissioners court. In support, the commissioners cite *Tobin v. Commisioners' Court of Bandera County*, 558 S.W.2d 85 (Tex. Civ. App.—San Antonio 1977, no writ). *Tobin* held:

> It is well settled that commissioners' courts, when acting within the sphere of the powers conferred upon them, are acting as courts and their judgment[s] are entitled to the same consideration as judgments of other constitutional courts. 15 TEX.JUR.2D Counties § 44 at 272–73 (1960). The findings concerning the width of the road are, therefore, findings of fact which should be given effect at least where there is no evidence tending to show that such findings are incorrect.

*Id.* at 87. *Tobin*, though, was decided in a vastly different context. The judgment being deferred to in *Tobin* abandoned part of a public road and established a new third-class road along "the new route as laid out by Mr. Tobin." *Id.* The court explicitly stated the commissioners court was acting "under the provisions of Art. 6704, TEX.REV.CIV.STAT.ANN. (1960)." *Id.*

23

The difference in this case is there is no evidence the county was acting under the provisions of the Texas Transportation Code.[18]  As noted above, the parties have not directed this Court to where in the record there is evidence of the commissioners court proceedings which occurred in 2006.  There is no evidence of a petition or other procedural device invoking the authority of the commissioners court.[19]  Further, there is no judgment in the record.  Without a judgment or order from the commissioners court, we fail to see what exactly we are supposed to defer to.  Last, and most important, there is no indication that the county was actually determining whether a sixty-foot right-of-way was reasonably necessary.  Because there is no evidence the commissioners court even considered what width was reasonably necessary, this case is distinguishable from *Tobin*.

There is a fact issue concerning the width of the road at issue.  The judgment in *Graff I* did not specify the width of the road.  The width of a road established by implied dedication is the amount which is reasonably necessary for public use of the road at the time the road is determined to be a public road.  The commissioners failed to establish as a matter of law that a sixty-foot right-

---

[18]When a county establishes a road under the Texas Transportation Code, the proper classification of a road and its width are not issues of fact.  *Alexander*, 640 S.W.2d at 78.  A commissioners court is merely exercising its statutory prerogative which cannot be reversed absent an abuse of discretion.  *Id*.  As discussed above, this case does not involve a road established under the Texas Transportation Code.

[19]We note the commissioners court, under the Texas Transportation Code, is required to "classify each public road in the county as a first-class, second-class, or third-class road."  TEX. TRANSP. CODE ANN. § 251.007 (Vernon 1999).  The parties have not briefed, nor do we decide, how the commissioners court authority should be invoked.

of-way was reasonably necessary at the time *Graff I* was decided or that the commissioners court made such a determination.

**C.     There Are Fact Issues Concerning Whether the Road Is In the Same Location**

In addition, there are fact issues concerning whether the new road is in the same location as the road established by *Graff I*.   When a county relocates a road, the landowner is entitled to compensation.  43 TEX. JUR. 3D *Highways, Etc.* § 102 (2002).  Saxon, a licensed surveyor, states in his affidavit that the new road constructed by the commissioners "is not located where a road is depicted on the 1981 survey by Mr. Hammett."  Hammett testified, in his deposition filed as summary judgment evidence, that the new construction was "pretty close" to the location of the prior road.  After agreeing there was a gap between the fence line and the road in the 1981 plat, Hammett testified the county told him to use the fence lines as boundaries for the road in the 1998 plat because "[t]hey didn't want to leave a strip between the property line" and the road.

The commissioners argue that minor deviations in the course of the road are not compensable.  In support of this proposition, the commissioners cited *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960).  In *O'Connor*, the Texas Supreme Court affirmed a finding of a public dedication of a road even though there were "a few places where the present road deviates from the old road." *Id.* at 882.  *O'Connor* is clearly distinguishable from the current situation.  The deviations in *O'Connor* were natural deviations caused by the use of the public over a period of years. *Id.* There is a fundamental difference between natural deviations created by unknown members of the

25

public and a change in the location by explicit order of a governmental entity. Further, the issue in *O'Connor* was whether the road had been impliedly dedicated, not whether the county could change the course of a public road. This is not an appeal of a finding that the road was dedicated through implied dedication. The issue of whether the road is a public road was decided in *Graff I*. As such, the location of the road became fixed at that point in time. Any deviation by order of the county after that point will be hostile to the rights of the adjacent landowner and compensation can be sought.

The commissioners failed to prove as a matter of law that the road is in the same location as the road found to be a public road in *Graff I*. There are genuine issues of material fact concerning whether the new construction is in the same location as the road found to be a public road. While we are skeptical that Graff suffered significant damages due to the changed location, Graff is entitled to recover compensation if he did incur any damages.[20]

**Conclusion**

We hold the trial court erred in granting the commissioners' motion for summary judgment. The trial court erred in taking judicial notice of the court records in cause number 134-CV-5-93. Graff has failed to show that our decision in *Graff II*, which found the description of the road in *Graff I* was sufficient to identify the road with reasonable certainty, was clearly erroneous. Because the commissioners failed to prove as a matter of law that a sixty-foot right-of-way was reasonably necessary for public travel and failed to prove as a matter of law that the new construction is in the

---

[20]Although Graff did not provide any evidence of damages, the commissioners filed a traditional motion for summary judgment and did not argue there was no evidence of damages.

26

same location, there are genuine issues of material fact. Because we have sustained Graff's first point of error, the award of attorney's fees must be reversed as well. We reverse the trial court's judgment, including the award of attorney's fees, and remand this case for further proceedings consistent with this opinion.


Jack Carter
Justice


CONCURRING OPINION

I fully concur with the majority that there is insufficient evidence to support the summary judgment granted by the trial court in this cause and, therefore, the judgment must be reversed and this matter remanded.

However, there are other issues here which should be taken into account, issues which impact more than the question of the validity of the summary judgment which was granted below.

This case is simply the latest chapter in a lengthy controversy concerning a roadway crossing property belonging to Graff. Issues involving this road were first visited by this Court in 1997 in an appeal of a judgment finding the existence of a public road over Graff's property by implied dedication; the issue of the precise location of that road by bearing and breadth was apparently not

raised at that time and this Court affirmed the judgment below. *Graff v. Whittle*, 947 S.W.2d 629

(Tex. App.—Texarkana 1997, writ denied).

In 2006, Graff appealed the denial of a temporary injunction wherein he sought to enjoin Red

River County from entering onto the property to perform upgrades to it. At that time, the want of

an adequate description as contained in the judgment rendered some years before was first raised as

an issue. This Court, in denying Graff's appeal, stated that

> For a legal description to be sufficient, the document must contain, or incorporate by reference, some other existing writing--a description of the land sufficient to identify the land with reasonable certainty. *See Morrow v. Shotwell*, 477 S.W.2d 538, 539, 15 Tex. Sup. Ct. J. 196 (Tex. 1972). The language of the judgment implicitly references the pleadings by describing the road as the "road in question." Further, a description may be rendered definite and certain by reference to the pleadings and other parts of the record. 46 AM. JUR. 2d Judgments § 105 (1994); 47 TEX. JUR. 3D Judgments § 93 (1998). This Court's opinion in 1997 recited that a registered professional surveyor, Royce Hammett, testified that in 1981 he had surveyed the property and marked the course of the road over the property. *Graff,* 947 S.W.2d at 637. It was clear that the 1981 survey was introduced into evidence at the jury trial establishing that the road was a public road. In 1998, Hammett diagramed the road in question with a metes and bounds description, a copy of which was introduced into evidence. When considered in connection with the pleadings and the record, the Whittle Judgment is sufficient to describe the road with reasonable certainty.

*Graff v. Berry*, No. 06-06-00065-CV, 2006 Tex. App. LEXIS 8541 (Tex. App.—Texarkana Sept. 11,

2006, no pet.) (mem. op.).

In this case, Graff has asked us to make a finding that the ruling made by this Court in 2006

was clearly erroneous and to revisit the issue of the sufficiency of the description as contained in the

1997 judgment.

28

However, even if the 1997 judgment fails to describe which portion of Graff's property is subject to an implied dedication of a road, that does not make the 1997 judgment a nullity; it simply fails to describe the precise location of the road. The essential elements of implied dedication are: (1) the acts of the landowner induced the belief that the landowner intended to dedicate the road to public use; (2) the landowner was competent to do so; (3) the public relied on these acts and will be served by the dedication; and (4) there was an offer and acceptance of the dedication. *Lindner v. Hill*, 691 S.W.2d 590, 592 (Tex. 1985). It is the existence of those elements, not the 1997 judgment, which created the right of the public to the road in controversy. The 1997 judgment simply made the requisite findings that such a public roadway existed. However, a written description of the road as it existed on the ground did not exist before the 1997 judgment and it did not exist thereafter. As a consequence, there is an enforceable judicial decision that in 1997 a roadway existed which crossed over Graff's property. That finding simply did not specify its location or describe which part of Graff's property was subjected to it.

The doctrine of stare decisis would strongly urge us to be consistent with our previous judgment and refuse to take the position that the description is inadequate. Stare decisis is the preferred course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process. Adhering to precedent "is usually the wise policy, because in most

29

matters it is more important that the applicable rule of law be settled than it be settled right." *Payne v. Tennessee*, 501 U.S. 808, 827 (1991). People have the right to be able to know what the laws are.

However, stare decisis here is a two-edged sword. Although our Court is obligated under that principle to give the nod to our previous decisions, it also requires us to follow the decisions of prevailing law as set out by higher courts. That would include our obligation to apply the law as it pertains to descriptions of land. That law is accurately stated in *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex. 1972).

> The rule by which to test the sufficiency of the description is so well settled at this point in our judicial history, and by such a long series of decisions by this court, as almost to compel repetition by rote: To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. *See Norris v. Hunt*, 51 Tex. 609 (1879); *Osborne v. Moore*, 112 Tex. 361, 247 S.W. 498 (1923); *Smith v. Sorelle*, 126 Tex. 353, 87 S.W.2d 703 (1935); *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150 (1945); *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222 (1949); *Hoover v. Wukasch*, 152 Tex. 111, 254 S.W.2d 507 (1953); *Broaddus v. Grout*, 152 Tex. 398, 258 S.W.2d 308 (1953); *Rowson v. Rowson*, 154 Tex. 216, 275 S.W.2d 468 (1955).

*Id.* at 539.

The need for a writing to contain an adequate description in order for it to be effective to impress an estate on land applies to judgments as well as to private writings. *See Wooten v. State*, 142 Tex. 238, 177 S.W.2d 56, 57 (1944) (in cases of eminent domain, land must be described with reasonable certainty and description must be sufficient enough that "a surveyor could go upon the land and mark out the land designated"); *Arnold v. Crockett Indep. Sch. Dist*., 404 S.W.2d 27, 28

30

(Tex. 1966) (in ad valorem tax suit cases, description of foreclosed land must be sufficient or judgment is void).

After having viewed the surveyor's plat upon which the jury relied in the 1997 case (this being the same writing upon which this Court relied in the 2006 case), it is my opinion that it does not adequately describe the route or width of the roadway to sufficiently impress the land with the public's right to travel on it. Although the plat shows a dotted line crossing over the property to reveal the general whereabouts of the roadway (one which does not abut any property line except where it enters and exits Graff's tract of land), the plat reveals neither the distance of the entry of the roadway from any corner nor does it reference any monument; it specifies neither its bearings and distances nor its location with the Graff tract. The very fact that Red River County and Graff still reasonably differ concerning the width of the road and its location on the ground is some evidence in and of itself that there is an inadequate description to guide them.

Our 2006 finding that the description was sufficient was based partly upon the supposition that the missing elements to the description could have been supplied with reference to the pleading in the original 1997 case and upon the belief that the surveyor's 1998 plat (which bore more information as to the bearings and distances of the roadway) reflected precisely the same road shown on the 1981 plat introduced into evidence in the trial of the 1997 case. There are two flaws with those assumptions: (1) In the matter of supplying the missing elements of the description by reference to the files of the 1997 case, this does not take into account what this Court knows now

that it did not know then:  those records do not exist.  Even if they did, this would need to assume that something in the pleadings did adequately describe the roadway, this being speculative, at best. Simply referring to the road as being the one "in controversy" or the "road in question" would require parol evidence to determine precisely what road was being referenced. Would it not take an additional finding by a court to determine precisely what road was in controversy or which road was in question?  and (2) the 1998 plat plainly shows a different route for the roadway than that shown on the 1981 plat.  The 1981 plat reflects that the road did not abut the property now owned individually by one of the defendants in the instant case (now sued in his capacity as a county commissioner), but the 1998 plat shows the road to hug the lines of that property; the 1981 plat reflects the roadway to meander, but the 1998 plat shows the roadway to be virtually straight lines; Hammett, the surveyor, testified that the county commissioner had instructed him to show the roadway on the 1998 plat abut and adjoin boundary lines, not as being situated entirely on the Graff property as reflected on the 1981 plat.[21]

In determining the proper location of a survey line, "[t]he cardinal rule is that the footsteps of the original surveyor, if they can be ascertained, should be followed."  *Hurr v. Hildebrand*, 388 S.W.2d 284, 288 (Tex. Civ. App.—Houston 1965, writ ref'd n.r.e.); *see also Humble Oil & Ref. Co. v. State*, 162 S.W.2d 119, 132 (Tex. Civ. App.—Austin 1942, writ ref'd).  The problem is that the

---

[21]This information was likewise not before this Court in 2006.

plat of the 1981 survey of the road left no ascertainable footsteps which can be followed and, even if they could have been followed, the road shown on the1998 plat plainly does not follow them.

Accordingly, if we are to follow the principle of stare decisis, it would seem that we are faced with the dilemma of deciding which precedent we are to follow: the general principles of law concerning the sufficiency of descriptions involving interests in real estate or the law as this Court determined to apply to the description of the roadway in this case. The general law, as I perceive it to be, having more impact and being dictated by higher courts is the one I choose to follow.


Bailey C. Moseley
Justice


Date Submitted:    January 16, 2008
Date Decided:      February 20, 2008


33