PERKINS V. MCGEHEE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-033-CV

MIKE PERKINS AND TAWN PERKINS APPELLANTS

V.

ROBERT MCGEHEE AND JANE MCGEHEE APPELLEES

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

OPINION

------------

I.  I
NTRODUCTION

This is an adverse possession case.  In 1995, appellees Robert and Jane McGehee purchased a 566-acre ranch partially located in Hood County, Texas. In 1996, appellants Mike and Tawn Perkins purchased an adjoining tract of real property in Hood County located directly south of appellee’s property.  Both parties properly recorded deeds in Hood County that accurately describe the metes and bounds of the property conveyed, and there is no overlap of the legal description of either tract of real property.  This case involves the land between appellees' southern legal boundary and a fence lying on the northern portion of appellants’ property that also divides the properties.

In October 2001, appellants sued appellees seeking injunctive relief and damages claiming appellees erected a fence in 2000 that encroached on appellants’ real property and, in the process, destroyed some of appellants’ trees.  Appellees responded by filling a general denial and asserting the ten-year limitation period in section 16.026 of the Texas Civil Practice and Remedies Code as their affirmative defense based on their adverse possession.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.026 (Vernon 2002).  Specifically, appellees claim title to the disputed tract through the adverse possession of their predecessor-in-interest Steven Pedro (“Pedro”), who allegedly grazed cattle, maintained and improved the existing fence in dispute, and cleared brush and removed trees exclusive to the rights of all others since at least 1982.

Following trial, the trial court rendered a take-nothing judgment against appellants and awarded appellees the disputed parcel based on their statute of limitation affirmative defense.  The trial court also entered findings of fact and conclusions of law including the following: 1) the fence at issue had been in the same location since at least 1982; 2) the fence is not a casual fence; 3) appellees and their predecessors-in-interest used the disputed property for grazing cattle; 4) the ranch manager for the predecessor-in-interest had made repairs, cleared brush, and planted grass in the disputed area; 5) appellees and their predecessors-in-interest’s use had been adverse, hostile, and exclusive to anyone else for a period of at least ten years; and 6) the fence line established by the evidence is the legal boundary between the parties’ real property.  On appeal from the trial court’s judgment, appellants complain in one issue that appellees failed to produce legally and factually sufficient evidence to prove they acquired the real property by adverse possession.  We affirm.

II.  
Standard of Review 

A party seeking to establish title to land by adverse possession has the burden to prove every fact essential to that claim by a preponderance of the evidence.  
Rhodes v. Cahill
, 802 S.W.2d 643, 645 (Tex. 1990) (op. on reh'g).  Here, because the appellees bore the burden of proof at trial, we will address appellants’ legal sufficiency complaint as a “no evidence” issue and their factual sufficiency complaint as an “insufficient evidence” issue.
  See Gooch v. Am. Sling Co., 
902 S.W.2d 181, 183-84 (Tex. App.—Fort Worth 1995, no writ) (applying “no evidence” standard when the party without the burden of proof challenges the legal sufficiency of the evidence and “insufficient evidence” standard when the party without the burden of proof challenges the factual sufficiency). 

In determining a “no-evidence” issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  Anything more than a scintilla of evidence is legally sufficient to support the finding.  
Cazarez,
 937 S.W.2d at 450;
 Leitch v. Hornsby
, 935 S.W.2d 114, 118 (Tex. 1996).  More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact.  
Rocor Int’l, Inc. v. Nat’l Union Fire Ins. Co.
, 77 S.W.3d 253, 262 (Tex. 2002).

A “no-evidence” issue may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)),
 cert. denied
, 526 U.S. 1040 (1999).
  

An assertion that the evidence is “insufficient” to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination.  
Mar. Overseas Corp. v. Ellis,
 971 S.W.2d 402, 406-07 (Tex.)
, cert. denied, 
525 U.S. 1017 (1998).  

III.  
Adverse Possession
 

Under the ten-year limitation statute, the elements of adverse possession are an: (1) actual appropriation of land; (2) cultivation, use, or enjoyment of such land; (3) adverse or hostile claim; and (4) exclusive domination over the property and appropriation of it for the possessor’s own use and benefit for a period of at least ten years.
(footnote: 1)  
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 16.021(1), & 16.026(a); 
Rhodes
, 802 S.W.2d at 645.
 
 In other words, the title holders must bring suit to clear their title within ten years of the accrual of the cause of action to defeat the possessor’s claim.  Additionally, the party claiming title by virtue of adverse possession has the burden of proving a description of the property adversely possessed. 
 Coleman v. Waddell
, 151 Tex. 337, 249 S.W.2d 912, 913 (1952); 
Julien v. Baker
, 758 S.W.2d 873, 877 (Tex. App.—Houston [14
th
 Dist.] 1998, writ denied), 
cert. denied
, 493 U.S. 955 (1989).  In this case, appellants specifically complain that the evidence offered by appellees at trial was insufficient to prove a description of the property or actual appropriation and exclusive use.

A.  Description of the Property

The claimant must identify the land to establish its location and to show the extent of its interest in the land claimed.  
Julien
, 758 S.W.2d at 877.  In other words, the adverse claimant must merely prove the location of the disputed property on the ground. 
 Thompson v. Tex. Commerce Bank Ass'n
, 586 S.W.2d 138, 139 (Tex. Civ. App.—Houston [1
st
 Dist.] 1979, writ ref’d n.r.e.).  The general test for determining the sufficiency of a description of the land is whether the tract can be identified with reasonable certainty.  
Julien
, 758 S.W.2d at 877.

At trial, both appellants and appellees introduced copies of their deeds, which contain metes and bounds descriptions of their adjoining properties, into evidence.  Appellants themselves offered into evidence a map depicting their property, which shows the fence line.  An aerial photograph from the Hood County Appraisal District dated 1984 also admitted into evidence at trial shows the fence as well.  The testimony at trial was that this fence has been in its present location since at least 1982.  Moreover, while the trial court’s judgment fails to state any description of the property in dispute, the trial court's findings of fact and conclusions of law states in pertinent part:

The Court concludes and declares that the fence line established by the evidence in this case is the legal boundary between [appellants’] real property and [appellees’] real property, and appellees have legal title to and are entitled to possession of the area of real property north of the fence line, which was the area of real property in dispute in this case.

Therefore, we hold that the legal description of the parties’ adjoining properties, the maps and aerial photo of the existing fence, and the court’s ruling, provide sufficient evidence to identify the disputed property with reasonable certainty so that it may be located upon the ground.  
See
 
Julien
, 758 S.W.2d at 877 (holding that field notes describing disputed property located between concrete monuments used during one survey and iron pins placed in the ground during another survey, along with both surveys, provided enough evidence to create a description of the disputed tract).

B.  Actual Appropriation of the Property

The element of actual appropriation requires the claimants to visibly appropriate the property as to give notice to any other person that they claim a right to the property.  
Parker v. McGinnes
, 842 S.W.2d 357, 360 (Tex. App.—Houston [1
st
 Dist.] 1992, writ denied) (op. on reh'g).  Moreover, when a claimant relies on grazing to acquire limitation title, he must present evidence that he “designedly enclosed” the land at issue.  
McDonnald v. Weinacht
, 465 S.W.2d 136, 141-42 (Tex. 1971) (citing 
Orsborn v. Deep Rock Oil Corp
., 153 Tex. 281, 267 S.W.2d 781, 785 (1954)).  “If the fence existed before the claimant took possession of the land and the claimant fails to demonstrate the purpose for which it was erected, then the fence is a 'casual fence.'  Repairing or maintaining a casual fence, even for the express purpose of keeping the claimant's animals within the enclosed area, generally does not change a casual fence into a designed enclosure.”  
Rhodes
, 802 S.W.2d at 646 (citations omitted).  Instead, a claimant must substantially modify a casual fence and so change its character that the fenced-in area becomes a designed enclosure. 
 Id
.  An exception to the enclosure requirement exists if the claimant can prove sufficient non-grazing use of the land such that the true owner would have notice of the hostile claim. 
Trevino v. Trevino
, 64 S.W.3d 166, 172  (Tex. App.—San Antonio 2001, no pet.)

In this case, appellees relied on their and their predecessor’s (1) use of the property to graze cattle, (2) repair and improvement of the existing fence, and (3) removal of trees and brush from the property to establish adverse possession.  At trial, Jerry McReynolds, who managed the ranch for Pedro from 1982 until Pedro sold the ranch to appellees in 1995, testified on appellees’ behalf.  McReynolds said that the fence was present when he began working for Pedro in 1982 and that he worked on the fence several times a year from 1982 until 1995 when appellees purchased Pedro’s land.  He also repaired the water gaps in three gullies along the fence line, as frequently as two or three times a year.  He repaired the fence because he ran cattle in the pastures that fronted the fence line.  He also cleared an area of trees to the north of the fence line and planted and fertilized coastal Bermuda grass there for grazing.  In 1995, McReynolds represented to appellees that the fence line was the southern boundary of Pedro’s ranch.  In regard to disputed property, appellees testified that since acquiring the ranch in 1995, they ran cattle on it, mowed it with a brush hog, sprayed it for briers and weeds, stacked and burned logs on it, and fertilized it once or twice. 

We conclude that the above provides sufficient evidence of actual and visible use of the property in dispute. 
 See
 
Butler v. Hanson
, 455 S.W.2d 942, 945 (Tex. 1970).  In 
Bulter
, the Texas Supreme Court affirmed the trial court’s finding of adverse possession for a defendant who based his claim of ownership on a fence, which enclosed an area that he used for grazing cattle, that had been in place for more than twenty years. 
 Id
. at 943, 945.  Although there was no testimony at trial as to who built the fence, the court held that it was not a “casual fence” under 
Orsborn
 and its progeny because the facts in 
Butler 
adequately distinguished the two cases.  
Id. 
at 945-46.  Specifically, the court did not require the claimants to present evidence that they “designedly enclosed” the land at issue, pointing to the following distinguishing factors:  (1) in 
Orsborn
, cattle only occasionally strayed on to the disputed land, whereas in 
Butler
, there was testimony that the disputed land was constantly used for grazing; (2) in 
Orsborn
 there was an unfenced tract that belonged to the State of Texas between the land unquestionably owned and that claimed by adverse possession so that the adverse possessor had to skip the unfenced tract to claim the 57 acres, while in 
Butler
 the tracts were contiguous and were operated as a unit; (3) in 
Orsborn
, the adverse possessor simply made use of the fence somebody else built, while in 
Butler
 the adverse possessor made modifications to the fence which the court found to be evidence that he had made it his fence; and (4) in 
Butler
 the undisputed evidence was that this fence was the adverse possessor's fence, and that the general reputation in the community was that the property bound to that fence was his property.  
Id
.

The facts in the instant case can also be distinguished from 
Orsborn
 by the same elements mentioned by the court in 
Butler
:  (1) the disputed tract has been constantly used for grazing; (2) the disputed tract is contiguous to appellees' record title land, and fenced within it, and both tracts are operated as a unit; (3) Pedro's ranch manager had rebuilt and replaced water-gapped portions of the fence, modified portions of the fence, and always maintained the fence on behalf of Pedro; and (4) the general reputation in the community has always been that the disputed property is part of appellees’ ranch and that the fence is the boundary between appellants’ and appellees’ land.  
See Fish v. Bannister
, 759 S.W.2d 714, 718-19 (Tex. App.—San Antonio 1998, no pet.) Therefore, appellees and their predecessors-in-interest have provided sufficient evidence of a claim of right by their actions with respect to the disputed property.  

C.  Exclusive Use of the Property
 
for Ten Years

To establish title through adverse possession, the possession must unmistakably assert a claim of exclusive ownership in the occupant. 
 Rick v. Grubbs
, 147 Tex. 267, 214 S.W.2d 925, 927 (1948).  Appellants claim that appellees failed to meet their burden because appellants' son used the disputed portion of the property numerous times for hunting and general exploration.
(footnote: 2)  Additionally, appellants claim that appellees never told appellants’ son to leave the property nor did appellees post trespassing signs or other means to exclude appellants.  However, none of these factors defeat appellees’ claim of exclusive ownership.  
See id.
 

Appellee, Robert McGehee, testified that he had two separate conversations with appellant Mike Perkins, specifically telling Perkins that he was not permitted to erect a fence north of the existing fence line.  McGehee also testified that when asked by Perkins, he granted permission to Perkins' son, who was not the record owner of appellants’ land, to explore north of the existing fence line, but only so long as his son did not let the cows out or hurt anything.  Additionally, McReynolds testified that Pedro has used the property to the exclusion of all others from 1982 to 1995 when appellees purchased the property.  Therefore, appellees provided sufficient evidence to prove exclusive use. 

IV.  
Conclusion 

Having established that appellees offered some evidence to prove a description of the property, actual appropriation, and exclusive use, there is more than a scintilla of evidence to support the trial court’s conclusion. Likewise, we cannot say that the trial courts’ findings were so weak or that the evidence to the contrary is so overwhelming that we should set aside the finding of adverse possession.  Therefore, because we conclude the evidence is legally and factually sufficient to support the verdict, we overrule appellants’ sole issue and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED:  March 25, 2004

FOOTNOTES
1:
To satisfy the ten-year requirement in the fourth element, section 16.023 of the Texas Civil Practice and Remedies Code permits taking of successive interests upon a showing of privity of estate between each holder and his successor.  
McAnally v. Tex. Co.
, 124 Tex. 196, 76 S.W.2d 997, 1001 (1934). 

2:
Mike Perkins testified that he also used the disputed property for hunting and general exploration; however, the record does not support this assertion.