

NUMBER 13-14-00273-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARTINA D. RODRIGUEZ,                                 **Appellant,**

**v.**

LUIS ANTONIO PIMENTEL
AND PETRONILA M. PIMENTEL,                         **Appellees.**

## On appeal from the 93nd District Court of
## Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Martina D. Rodriguez appeals a judgment entered by the trial court in favor of Luis Antonio Pimentel and Petronila M. Pimentel on their claim to recover possession and clear title to a certain parcel of land that Rodriguez fenced without their permission. Rodriguez filed a general denial, alleged that she was the owner of the land through

adverse possession, and maintained that the Pimentels' claim was barred by the ten year statute of limitations. *See* TEX. R. CIV. P. 94. The Pimentels filed a traditional motion for summary judgment, which the trial court granted over Rodriguez's objections. *See* TEX. R. CIV. P. 166a(c). In this appeal, Rodriguez raises three issues in which she contends that the trial court erred in granting summary judgment and ordering her to remove the fence for the following reasons: (1) the Pimentels failed to present competent summary judgment evidence that the fence at issue was actually located on their property; (2) the trial court applied the wrong accrual date for her statute of limitations defense based on adverse possession; and (3) she produced summary judgment evidence raising a genuine issue of material fact on each element of her statute of limitations defense. For the reasons set forth below, the Court reverses the trial court's judgment and remands the case to the trial court for further proceedings consistent with this opinion.

## I. BACKGROUND

The Pimentels filed this suit against Rodriguez three years and two months after they purchased a parcel of land adjacent to Rodriguez's home. The Pimentels alleged that after they purchased the property, they discovered that Rodriguez had erected a fence that encroached five feet onto their property. Rodriguez answered the suit with a general denial and asserted the statute of limitations based on adverse possession as an affirmative defense. The Pimentels filed a traditional motion for summary judgment with evidence attached. *Id.* Their evidence consisted of the following documents related to their property: (1) a general warranty deed; (2) a land survey; (3) a record of tax payments; (4) a statement of property taxes due; and (5) a police report. The Pimentels did not submit a supporting affidavit to authenticate their summary judgment evidence.

2

Rodriguez filed a response to the motion. She attached her affidavit to the response. In the affidavit, she stated that the fence was located on her property, that she had used and enjoyed the property at issue since 1980, and that she had enclosed it with a fence and cultivated it with flowers continuously since 1984. In her response, Rodriguez argued that the Pimentels' summary judgment evidence was incompetent because it was not properly authenticated. In addition, Rodriguez argued that summary judgment was improper because her summary judgment evidence established that she fenced the property more than twenty years before the Pimentels filed suit.

The trial court entered a written order granting the Pimentels' motion. In the order, the trial court stated the following: (1) there were no genuine issues of material fact; (2) Rodriguez had not pled any counterclaim that would preclude summary judgment; and (3) the Pimentels were entitled to judgment as a matter of law. The trial court did not address Rodriguez's objection to the Pimentels' summary judgment evidence or Rodriguez's affirmative defense invoking the statute of limitations based on adverse possession. This appeal ensued.[1]

## II. ANALYSIS

By three issues, Rodriguez argues that the trial court erred by granting the Pimentels' motion for summary judgment.

### A. Standard of Review

We review summary judgments de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In reviewing a motion for summary judgment, we "examine the entire record in the light most favorable to the nonmovant, indulging every reasonable

---

[1] The Pimentels have not filed an appellate brief.

inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).

## B. Applicable Law

One seeking to establish title to land by virtue of adverse possession has the burden of proving every fact essential to that claim by a preponderance of the evidence. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990). Under the ten year adverse possession statute, the elements of adverse possession are as follows: (1) actual appropriation of land; (2) cultivation, use, or enjoyment of such land; (3) adverse or hostile claim; and (4) exclusive domination over the property and appropriation of it for the possessor's own use and benefit for a period of at least ten years. *Perkins v. McGehee*, 133 S.W.3d 287, 290–91 (Tex. App.—Fort Worth 2004, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.021(1) & 16.026(a) (West, Westlaw through 2013 3d C.S.)). Title holders must bring suit to clear their title within ten years of the accrual of the cause of action to defeat the possessor's claim. *Id.* at 291. Additionally, the party claiming title by virtue of adverse possession has the burden of proving a description of the property adversely possessed. *Id.* The question of adverse possession normally is a question of fact; only in rare instances is a court justified in holding that adverse possession has been established or negated as a matter of law. *York v. Flowers*, 872 S.W.2d 13, 15 (Tex. App.—San Antonio 1994, writ denied); *see also Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985).

## C. Discussion

In her first issue, Rodriguez contends that the trial court erred in granting summary judgment because the Pimentels did not produce competent summary judgment evidence

4

to prove as a matter of law that the fence was on their property.  Evidence presented in support of a summary judgment must be in a form that would render the evidence admissible in a conventional trial.  *See* TEX. R. CIV. P. 166a(f).  Publicly filed property records are self-authenticating.  *See Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 n.2 (Tex. App.—Dallas 2007, pet. denied) (citing TEX. R. EVID. 902(4)).  Therefore, the Pimentels' general warranty deed was admissible and competent summary judgment evidence.  However, the Pimentels attempted to prove that the fence was located on their property by using a land survey that was not a publicly filed property record.  Although the land survey was signed by a registered professional land surveyor, it was not notarized or accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.  *See* TEX. R. EVID. 902(8); *see also* TEX. R. CIV. P. 796 (authorizing the judge of the court to appoint a surveyor to "survey the premises in controversy . . . and report his action under oath to such court" and providing that "the same shall be admitted as evidence on the trial").

"A complete absence of authentication is a defect of substance . . . ."  *Blanche v. First Nationwide Mtg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.).  "The absence of an affidavit verifying a copy of the instrument attached as summary judgment proof amounts to no proof."  *In re Estate of Guerrero*, No. 14-13-00580-CV, 2014 WL 4377465, at *10 (Tex. App.—Houston [14th Dist.] Sep. 4, 2014, no pet.).  Thus, the substantive defect in the present case where no affidavit or authentication was provided was not waived by Rodriguez's failure to obtain a ruling from the trial court on her objection to the evidence before the trial court granted the Pimentels' motion for summary

5

judgment. *See Perkins v. Crittenden*, 462 S.W.2d 565, 568 (Tex. 1970) (reversing summary judgment because an unverified copy of a promissory note was offered as summary judgment evidence, even though the complaint was raised for the first time on appeal); *Kotzur v. Kelly*, 791 S.W.2d 254, 257 (Tex. App.—Corpus Christi 1990, no writ) ("[A]n unauthenticated attachment accompanied . . . is a defect in substance and may be attacked for the first time on appeal.").

The Court sustains Rodriguez's first issue.

### III. CONCLUSION

The trial court erred by granting summary judgment because there was no competent evidence that the fence at issue was on the Pimentels' property. Accordingly, without reaching Rodriguez's second or third issues, *see* TEX. R. APP. P. 47.1, the Court reverses the trial court's judgment and remands the cause for further proceedings consistent with this opinion.

NORA LONGORIA,
Justice

Delivered and filed the
20th day of November, 2014.

6