

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00230-CV

_____

JEFFREY T. JONES AND CONSUELO SILVA-JONES, APPELLANTS

V.

DAN HOBBS AND ZONELL HOBBS, APPELLEES

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 40019, Honorable Phil N. Vanderpool, Presiding

May 22, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellants Jeffery T. Jones and Consuelo Silva-Jones (Jones) appeal from the trial court's judgment granted in favor of appellees Dan Hobbs and Zonell Hobbs (Hobbs). Jones challenges the judgment through six issues. We affirm in part, dismiss in part, and remand in part.

***Background***

This case arose out of a dispute concerning the boundary line between two neighboring homes. Hobbs bought one in 1986. Jones acquired the other sometime

later. In 1999, Hobbs built a tall wood and brick fence on what he thought to be his land. A stretch of same (the eastern side) lay between the two homes. There it stood until Jones hired individuals in 2020 to remove the eastern side and replace it with another. What instigated it was the discovery that Hobbs' fence actually lay on property deeded to Jones. That is, the fence lay about one foot over the boundary at its north-eastern point and two feet at its south-eastern point.

So, Jones decided to remove the eastern side of the fence, cut the imbedded metal posts supporting it, and build a replacement. The new structure lay, according to his testimony, about six to seven inches east of the true property line. And, while his crew finished the project, they entered land owned by Hobbs. These circumstances ultimately resulted in Hobbs' suing Jones and alleging claims sounding in adverse possession, trespass, trespass to try title, theft, a declaration of the proper boundary, and injunctive relief.

Trial ensued. Being the fact finder, the trial court ruled for Hobbs. It concluded that Hobbs had adversely possessed the narrow strip of land in question. Thus, the removal of the fence constituted theft under the Texas Civil Practice and Remedies Code and trespass. So, the court awarded Hobbs damages to recompense the injury Jones caused, declared the new boundary between the two tracts of land, and gave Hobbs attorney's fees. Jones appealed.

*Issue One*

Through the first issue, Jones contends that the evidence was legally and factually insufficient to support the judgment because Hobbs "failed to introduce any competent

evidence identifying and locating the land on the ground." That is, Hobbs allegedly failed to identify the land adversely possessed. We overrule the issue.

One claiming land via adverse possession must provide a description of the property adversely possessed. *Coleman v. Waddell*, 249 S.W.2d 912, 913 (Tex. 1952); *Alaniz v. Aguirre*, No. 04-17-00066-CV, 2017 Tex. App. LEXIS 12021, at *6 (Tex. App.—San Antonio Dec. 27, 2017, no pet.) (mem. op.); *Perkins v. McGehee*, 133 S.W.3d 287, 291 (Tex. App—Fort Worth 2004, no pet.). Satisfying that does not necessarily entail the presentation of evidence illustrating the metes and bounds of the property. Rather, the claimant need only prove the location of the property on the ground in a way permitting its identification with reasonable certainty. *Alaniz*, 2017 Tex. App. LEXIS 12021, at *6; *Perkins*, 133 S.W.3d at 291. For instance, legal descriptions of the adjoining properties, coupled with maps and aerial photos of an existing fence were deemed sufficient to locate the disputed land in *Perkins*. *Perkins*, 133 S.W.3d at 291. The record here contains more than some evidence identifying, with reasonable certainty, the spit of land in controversy here.

We begin with plaintiff's exhibit 1. It was admitted without objection and depicts a 1993 survey of Hobbs' property. From that survey we find a 150' east line demarcating the original boundary between Hobbs' and Jones' lots. Also of record is evidence that 1) the northern-most point of the original fence lay one foot over the east boundary, 2) the southern-most point of the fence lay two feet over the east boundary, and 3) metal fence post ends were left in the ground. That affords one the ability to ascertain the eastern boundary of the adversely possessed land. That is, the northeastern and southeastern corners of the adversely possessed parcel are determined by extending due east the

3

northern and southern sides of the fence Jones left standing by 1' and 2', respectively. Then, should one draw a line from the extended northeastern corner to the extended southeastern corner, that would effectively mark the eastern boundary of the adversely possessed land.

In essence, the evidence illustrates that the disputed land consists of a trapezoid measuring 1' (north side) by 150' (west side) by 2' (south side) by 150.033' (east side) and lays adjacent to Hobbs' original eastern boundary line. This is more than enough proof to identify the adversely possessed land with reasonable certainty under both the legal and factual sufficiency standards of review. *See Stone Contractors, Inc. v. Striley*, No. 07-20-00266-CV, 2022 Tex. App. LEXIS 749, at *7-9 (Tex. App.—Amarillo Feb. 1, 2022, no pet.) (mem. op.) (describing the applicable standard of review when determining whether legally and factually sufficient evidence supports a verdict).

*Issues Two and Three*

Through the next two issues, Jones contends that the trial court erred in denying his motion for summary judgment. Because the trial court tried the merits of the underlying dispute, we lack jurisdiction over these contentions. As said in *Citizens Nat. Bank of Tex. v. Dallas ATM Mgmt. Services, Inc*., No. 07-08-0011-CV, 2009 Tex. App. LEXIS 5423, at *3-4 (Tex. App.—Amarillo July 15, 2009, no pet.) (mem. op.), "when a motion for summary judgment is denied by the trial court and the case is thereafter tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal." *Id.* at 2009 Tex. App. LEXIS 5423, at *2-3. So, issues two and three are dismissed for want of jurisdiction.

*Issue Four*

Next, Jones contends that the trial court erred in admitting exhibit 2. It consisted of a survey map Hobbs commissioned after Jones removed the fence. The survey purported to illustrate the location of both the old and new fences. We overrule the issue.

Simply put, error in improperly admitting evidence is harmless when the same or similar evidence was admitted elsewhere without objection. *State v. Dawmar Partners, Ltd.*, 267 S.W.3d 875, 881 (Tex. 2008). The old fence line depicted in exhibit 2 is nothing more than the eastern boundary of the adversely possessed land. That is, it showed where Hobbs' fence stood before demolition. The trial court incorporated the exhibit into its judgment as a means of describing the adversely possessed (new) boundary.[1] And, as illustrated in our disposition of issue one, the record contains other evidence establishing the same old fence line (or new boundary), to which evidence Jones did not object. So too does the record contain evidence locating the fence Jones built; it consists of Jones' own testimony and various pictures received by the court. There being of record the same or similar evidence to that depicted in exhibit 2, the trial court's decision to admit the exhibit was harmless, assuming it was improper.

*Issue Five*

We summarize the first aspect of Jones' fifth issue through use of his own words. "When [Hobbs] failed to identify the specific parcel of land on the ground they claimed by adverse possession, they failed to prove ownership as a matter of law, precluding recovery on their trespass and theft liability act claims for the reasons listed in Issue #1."

---

[1] The provision to which we refer says: "[t]hat the boundary line between 119 Walnut Drive, Pampa, TX 79065 and 117 Walnut Drive, Pampa, TX 79065 is located where the Plaintiffs' fence was originally built no later than 1999, as shown and described in the survey attached as Exhibit A as the 'Removed Fence.'"

We overrule this contention for the same reason given when overruling issue one; legally and factually sufficient evidence identified the parcel of land adversely possessed.

Jones also argues that the trial court erred in awarding damages for the demolition of the fence. His syllogism follows. First premise . . . "trespass to try title is the exclusive method to resolve damages to improvements to land." Second premise . . . Hobbs failed to establish his trespass to try title claim by neglecting to establish the location of the land in dispute. Synthesis . . . because the latter default precludes Hobbs from recovering upon the trespass to try title claim, he cannot recover damages relating to the fence's destruction. The foundations relied upon to derive his synthesis are faulty, however.

First, trespass to try title was and is not the exclusive means through which damages can be awarded. They are also available to recompense for a simple trespass. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 920-22 (Tex. 2013) (describing the damages recoverable under both trespass and trespass to try title). And, Hobbs both pleaded and recovered upon a claim of simple trespass. Second, Hobbs presented sufficient evidence to locate the land in dispute, as previously discussed.

Another contention unrelated to the others appears, as well.[2] It concerns Hobbs' sale of his property after filing suit. According to Jones, that pretermits his recovery because the "[s]ale of real estate prior to trial or final judgment will defeat a boundary dispute under a trespass to try title theory." We disagree for the following reasons.

---

[2] The multifarious nature of Issue Five alone would warrant its rejection. *See De Leon v. Hernandez*, No. 07-18-00138-CV, 2019 Tex. App. LEXIS 5453, at *4 (Tex. App.—Amarillo June 27, 2019, no pet.) (mem. op.) (stating that an appellate court may disregard any assignment of error that is multifarious); *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.) (stating that an issue is multifarious when it generally attacks the trial court's order through numerous arguments and an appellate court may disregard any assignment of error that is multifarious).

First, the initial authority cited by Jones to support that proposition, *FLR Corp. v. Blodgett*, 541 S.W.2d 209 (Tex. Civ. App.—El Paso 1976, writ ref'd n.r.e.), is inapposite. The *FLR* court deemed fatal to FLR's trespass to try title claim the fact that the complainant relinquished possession of the land prior to dispossession via foreclosure. *Id.* at 212. Yet, the dispossession at bar occurred when Jones demolished Hobbs' fence. Unlike the critical circumstance in *FLR*, the evidence established that Hobbs possessed the land in dispute when Jones dispossessed him.

Second, and as mentioned above, Hobbs alleged a cause of action sounding in tort, i.e., trespass. So too did he seek damages for injury caused by the trespass. Moreover, that claim accrued once known injury began. *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 609 (Tex. 2017) (so stating when a claim for trespass accrues). Hobbs possessed the land when Jones trespassed upon it and removed the fence. Thus, his cause of action accrued when he possessed it. Neither *FLR* nor the second case Jones cites, *Medrano v. Hinojosa*, No. 04-14-00913-CV, 2016 Tex. App. LEXIS 5740 (Tex. App.—San Antonio June 1, 2016 no pet.) (mem. op.) hold that he could not recompense the tort injury he personally suffered after selling his home. Nor do they say that a claim for damages for trespass evaporates should the claimant later sell the realty.

*Issue Six*

Via his final issue, Jones asserts that the evidence supporting the trial court's award of attorney's fees to Hobbs was legally and factually insufficient. We sustain the issue in part.

The burden lay with Hobbs to prove the attorney's fees recoverable. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020) (stating that the party seeking

7

attorney's fees has the burden of proof). Furthermore, no one questions that the standard espoused in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2018) controls their calculation. The starting point consists of "determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos*, 578 S.W.3d at 498; *accord, Yowell*, 620 S.W.3d at 354 (requiring the party seeking fees to "supply enough facts to support the reasonableness of the amount awarded"). Furthermore, "[s]ufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos*, 578 S.W.3d at 498; *In re A.L.C.*, No. 07-21-00203-CV, 2023 Tex. App. LEXIS 3017, at *11-12 (Tex. App.—Amarillo May 4, 2023, no pet. h.) (mem. op.).

Hobbs attempted to prove fees through the testimony of their attorney. The latter spoke in sums, though. That is, he generally described the hours he and co-counsel expended in representing Hobbs, mentioned an hourly rate, and opined that the rate was reasonable. Allusion was also made to the types of services performed. Yet, nothing was said of the time required to perform each of those services, who performed them, or when they were performed. Such missing information fell within the ambit of evidence minimally required by *Rohrmoos*. Rather than denying fees, "[t]he proper remedy in cases where the evidence fails to satisfy the standards for determining fees under the lodestar method is to remand the issue for a redetermination of fees." *Sloane v. Goldberg B'Nai B'Rith Towers*, 577 S.W.3d 608, 622 (Tex. 2019). We will do so here.

Having overruled issues one, four, and five, we affirm the trial court's judgment as to those issues.  We dismiss issues two and three for want of jurisdiction.  We remand to the trial court the portion of the judgment awarding attorney's fees.


Brian Quinn
Chief Justice